UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES BELL MCCOY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-91 |
| | § | |
| OWEN MURRAY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF TRANSFER

This is a civil rights action filed by a state prisoner. Plaintiff James Bell McCoy is currently assigned to TDCJ's Michael Unit in Tennessee Colony, Texas, which is located in Anderson County (D.E. 1). In his complaint, Plaintiff alleges the Defendants were deliberately indifferent to his serious medical needs because they implemented or condoned policies that cause routine delays to refills of his prescriptions. (D.E. 1). This is the same allegation advanced in Case No. 6:11-cv-503 in the Tyler Division of the Eastern District of Texas against the same Defendants. The Tyler case was dismised for failure to state a claim, and this dismissal was upheld by the United States Court of Appeals for the Fifth Circuit. *See* Case No. 12-40104.[1] The Fifth Circuit held that Plaintiff, except for cases involving imminent danger of serious physical injury, is now barred under § 1915(g) from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated. *Id. See also Brewster v. Dretke*, 587 F.3d 764, 770 (5th

---

[1] Plaintiff alleged in his previous case that he was not receiving timely refills of prescriptions for acid reflux, allergies, and back pain. In the present case, Plaintiff alleges he is not receiving timely refills of prescriptions for scoliosis, hepatitis C, tendonitis, and chronic allergies.

Cir. 2009). For the reasons discussed below, this Court does not have jurisdiction over Plaintiff's case.

A civil action in which jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In this case, all of the events about which Plaintiff complains occurred in Anderson County, and the Defendants are located in Anderson, Galveston, and Walker Counties. (D.E. 1). None of the events occurred in the Corpus Christi Division of the Southern District of Texas, and none of the Defendants resides or is found here. Anderson County lies within the Tyler Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(1). The interests of justice would be served by a transfer to the Tyler Division of the Eastern District of Texas.

Accordingly, it is ordered that this case be transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

ORDERED this 26th day of March, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE